## WATKINS v. JENKINS *et al.*

Will: CONSTRUCTION: APPLICATION OF ASSETS TO PAYMENT OF DEBTS. On the petition of the executor certain provisions of a will, which relate to the application of the assets to the payment of the debts, are construed. (See opinion for will and decree construing same.)

*Appeal from Scott Circuit Court.*—HON. NATHANIEL FRENCH, Judge.

FILED, DECEMBER 19, 1887.

ACTION wherein the plaintiff, as executor, prays for a decree fixing the interpretation of the will of his testate. A decree answering the prayer of the petition was rendered, from which a part of the defendants appeal.

*D. B. Nash,* for appellants.

*Cook & Dodge,* for appellee.

BECK, J.—I. The plaintiff, the executor of the estate of William E. Haskins, deceased, presented his petition to the district court, alleging that the construction and meaning of some of the provisions of the will under which he is acting are involved in doubt, and that it is necessary that such provisions be judicially construed. The portion of the petition presenting the questions for determination arising in the construction of the will, and the parts of the will and codicils necessary to be considered in making such construction, are presented by the abstract in the following language:

"PETITION.

"(3) That petitioner presents for the court's consideration, with respect to their construction and meaning, the following provisions of said will:

"Sections four and thirteen thereof: Can petitioner sell the north half of said town lot, and apply the proceeds as payment on the fifteen hundred dollar mortgage which is on the farm? * * *

"Sections four and eighteen of will, and section two, codicil one, and section two, codicil three: (*a*) Shall the trustee pay off the mortgage of fifteen hundred dollars which is on the farm? (*b*) Shall he do so with the general funds of the estate? (*c*) If so, shall he reserve a lien in favor of the general estate against said farm for amount of such payment? (*d*) Shall he refund the debt, and make a new mortgage at eight per cent.? If so, shall he mortgage the fee, or only Harriet Purdy's life estate? (*e*) The

trustee has expended some of the general funds of the estate in making payment of two notes,—one for one hundred and twenty-five dollars, and one for fifteen dollars,—which were given by testator for articles bought for the farm. *Question.* Should the trustee sell the town lot (secs. 4 and 13), and from the proceeds pay the general fund what said notes amounted to when paid? The trustee has also made permanent improvements on the farm from proceeds of the rents. *Question.* Can trustee, from the sale of the lot, repay upon the fifteen hundred dollar mortgage an amount equal to what was so expended in such permanent improvements out of such rents, which rents could have been applied on the mortgage? * * *"

"WILL.

"I devise * * * to Charles S. Watkins * * * all my property, real and personal and mixed, * * * *in trust* * * * for the following uses and purposes: * * * (4) To deliver to my daughter, Harriet (wife of Wm. Purdy), all my household goods * * * including silver and plated ware, also * * * buggy, * * * blankets, * * * robe, harness and sleigh, * * * all of which I bequeath to her. Also to deliver to said Harriet, on the first day of March next after my decease, the full possession of the following tracts and parcels of real estate, situated in Scott county, Iowa, to-wit: The certain farm of one hundred and fourteen * * * acres, situated in Pleasant Valley township, formerly belonging to S. P. Matthews, and which I purchased of him by written contract for deed, of date October, 1882, providing for the delivery to me by said Matthews of a deed thereof, on the first day of January, 1883; also the north half of the lot of land situated on the east side of Brady street, north of Sixteenth street, in Davenport; * * * in which said farm property, and in which said north half of said lot of land, respectively, I hereby bequeath to her, said Harriet, a life estate during her natural life. And it is my will during the existence of said life estate in each of said tracts and parcels of land, said Harriet shall

keep the improvements thereon in good repair, and keep the taxes paid, and the tenements thereon properly insured. And in case said trustee shall at any time think it for the best interests of said Harriet, he is hereby authorized to sell the north half of said lot of land above described, and expend the net proceeds thereof in making any improvements on said farm property he may deem best; and the life estate in said north half of said lot * * * is made subject to such sale for such purpose. And it is further my will, as soon as practicable after the decease of said Harriet, that said trustee shall sell said farm property, and the tract of real estate last above described (if not already having been sold to make improvements on said farm property, as above provided); said trustee using his discretion as to the terms of sale. * * * And it is further my will that * * * said trustee shall pay the net proceeds of such sale or sales to such child or children of said Harriet as shall survive her, share and share alike; such payment to be made to each such child upon attaining the age of twenty-five years, if not already having attained such age; and, if necessary, such proceeds are to be invested by said trustee to that end,—which said distributive shares I hereby bequeath to them, respectively." "(13) It is my will that said trustee be authorized at any time during the life of said Harriet, in his discretion, to sell the north half of said real estate situated on the west side of Brady street, north of Sixteenth street, in which I have bequeathed to her a life estate, and apply the net proceeds thereof in making improvements on the above-mentioned farm property; and the bequest of said life-estate * * * is subject to this provision. Said trustee, in his action in the matter, is to be guided by the best interest of Harriet. * * * (18) I having purchased the farm property above mentioned from S. P. Matthews by contract for deed, of date October 25, 1882, which contract provides that the sale shall be finally consummated on the first day of January, 1883, by the said Matthews

delivering to me a good and sufficient deed of conveyance of said farm, and by the said Matthews receiving from me a certain house and lot on the east side of Farnam street, near Locust street, and the payment by me of the balance of the purchase money with and out of the avails of certain mortgages owned by me, it is my will that said trustee shall carry out and consummate the purchase of said farm in accordance with said contract.    *    *    *"

### " Codicil 1.

" (2) It is my will that said trustee shall, for the period of six years next after my decease, have control of the possession of the farm mentioned in my last will (and which I purchased of S. P. Matthews), together with the rents, issues and profits thereof, and shall, during that period, so far as practicable, pay from and out of such rents, issues and profits any mortgage, incumbrance, or any charge upon said farm, and existing as an indebtedness properly chargeable against my estate ; and, also, shall further pay, during the aforesaid period of time, out of such rents, issues and profits, all other indebtedness, either evidenced by promissory notes, or in open accounts against my estate, and which indebtedness accrued through and by means of purchases by me of agricultural implements, horses, hay, etc., and now being and used upon the aforesaid farm by Wm. Purdy as my tenant.   But it is my will that my said trustee shall so control such possession of such farm, and such rents, issues and profits, and the payment from and out of the same any such indebtedness or incumbrance as aforesaid, in view of the promotion of the best interest and welfare of my daughter, Harriet ; it being my will that said Harriet shall yearly receive all the net rents and profits of said farm which may be consistent with the due satisfaction of any such indebtedness as aforesaid within a reasonable time, and after the paying all the yearly taxes, proper repairs, and insurance on said farm, which it is my will shall be paid from and out of such

rents, issues and profits.   All the provisions of my last will is hereby modified so as to be consistent with the provisions of this codicil.   * * * "

The district court, declaring the construction of the will, rendered a decree in this language : "It is ordered, adjudged and decreed that the general estate and assets are not liable for the payment of the farm mortgage ; that the trustee should use the rents and profits of the farm for six years from the decease of the testator towards the payment of the mortgage debt, or any renewal thereof ; and he may, in his discretion, under the will, sell the farm subject to the mortgage and invest the proceeds.   It is further decreed that he cannot mortgage the farm, nor sell a portion thereof, unless first having obtained the order of the court, upon due notice to all concerned, upon which notice and order he may be authorized to make such sale or mortgage, and with the proceeds pay the present mortgage debt, which is by the holder thereof enforceable against said farm. It is also ordered that the Brady-street lot may be sold by the trustee, in his discretion, and proceeds paid upon the mortgage debt to the extent that the rents have been used to make permanent improvements.   And it is ordered that the trustee take the rents from said farm, and therewith reimburse the general estate for the amounts paid upon the debts which were chargeable upon the farm for articles bought for the farm."

II.   In our opinion, the district court, in the decree, correctly construed the will.   It holds that the general assets of the estate cannot be applied to the payment of the mortgage in question ; that is, the funds arising from the sale of personal property or lands cannot be applied to that purpose, but that, under the provisions of the will, the rents and profits of the farm for six years shall be applied upon the mortgage, and that the Brady-street lot may be sold, and the proceeds paid upon the mortgage to the extent to which the rents of the farm have been used in payment of improvements thereon, and the rents of the farm be appropriated to take the place of general assets used to make

Watkins v. Jenkins.

permanent improvements. We think the decree is in accord with the plain meaning of the will and the intention of the testator as therein expressed. The will gives to Mrs. Harriet Purdy a life estate in the farm and the Brady-street lot. (Par. 4.) The Brady-street lot may be sold, and the proceeds applied in payment of improvements made on the farm. (Par. 13.) But it is provided by the second paragraph of the first codicil that the executor shall take the rents and profits of the land, and apply them to the payment of any mortgage or charge thereon, and any sum remaining from the proceeds of the rent after the payment of the incumbrance shall be paid to Mrs. Purdy. The will thus, in the plainest language, directs that the rents and profits of the land be first appropriated to the payment of the incumbrance. In the thirteenth paragraph of the will, and the second paragraph of the first codicil, the trustee is directed to be guided by the best interest and the welfare of Mrs. Purdy; but, in express language, the second paragraph of the first codicil declares that the payment of the rents and profits to her is to be made after the indebtedness specified is paid. The expressions found in the will and codicil directing her interest and welfare to be promoted by acts of the executor do not express the thought that her interest and welfare shall nullify the provision to the effect that the rents and profits shall be applied to the payment of the incumbrance, which is positive and plain in its language, and cannot be defeated upon inference and construction.

III. Counsel for defendants insist that the personal estate constitutes the primary fund for the payment of the testator's debts, but that funds arising from his real estate may, by express provisions of the will, be devoted to that purpose. We need not determine the correctness of this view of the law, but may assume that it is correct for the purposes of the case. In this view of the law, the decree of the district court is correct, for, in our opinion, the will and codicils in the plainest language direct that the incumbrance be paid out of the rents and profits of the land.

IV. The will directs that the Brady-street lot may be sold to pay for improvements upon the land. The decree properly directs that lot to be sold, and the proceeds applied upon the mortgage, so far as may be necessary, to take the place of rents applied in payment of improvements. The rents should not have been so applied, and the Brady-street lot is set apart for that purpose. The decree thus carries out the directions of the will, and provides for correcting what was done contrary to such directions.

V. The provision of the decree for reimbursing out of the rents the general funds of the estate for payments made for articles bought for the farm, we think is correct, being in accord with paragraph two of the first codicil.

VI. The eighteenth paragraph of the will cannot be construed as a direction for the payment of the mortgage out of any particular fund, nor does it nullify other provisions requiring it to be paid out of the rent of the land. It contains no provision whatever as to payments, but simply directs that the purchase be consummated. It cannot be said that this paragraph gives any directions as to the funds to be used in the payment due on the land. That, however, is done in other parts of the will, which requires the rent to be used for that purpose. Paragraph two of the first codicil so provides in plain language.

These considerations dispose of all disputed questions found in the case, and lead us to the conclusion that the decree of the district court ought to be

AFFIRMED.